UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WARD WOODARD,                    )
                                 )
        Plaintiff,               )
v.                               )    No. 3:05-0681
                                 )    JUDGE ECHOLS
MORGAN TIRE & AUTO, INC., d/b/a  )
TIRES PLUS,                      )
                                 )
        Defendant.               )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss or to Compel Arbitration and Stay Proceedings (Docket Entry No. 23) to which Plaintiff Ward Woodard has responded in opposition and Defendant Morgan Tire & Auto, Inc., has filed a reply.

I. PROCEDURAL HISTORY

According to the Complaint, Defendant employed the Plaintiff for a short time, but then terminated his employment after Plaintiff suffered a severe shoulder injury in a car accident that occurred immediately following a mandatory company meeting. Plaintiff filed suit against Defendant in the Chancery Court for Montgomery County alleging handicap discrimination and retaliatory discharge under Tennessee law.

Defendant removed the case to this Court on September 6, 2005, and filed an Answer on October 12, 2005.[1] Defendant denied any violation of law, raised the affirmative defense of failure to state a claim, and reserved the right to raise additional defenses,

_____

[1]Defendant's counsel also defended Plaintiff's worker's compensation claim.

1

but did not mention an agreement Plaintiff signed at the time of his employment requiring employment disputes to be resolved through mediation and/or arbitration.

Defendant filed the parties' proposed case management order on October 28, 2005, setting forth proposed litigation deadlines without any mention of potential arbitration. Apparently the subject was not mentioned at the case management conference. The Magistrate Judge entered the Case Management Order with revisions on November 1, 2005, setting the discovery deadline for May 31, 2006, and trial for October 31, 2006. Thereafter, Plaintiff filed a motion for a jury trial under Federal Rule of Civil Procedure 39(b), which Defendant opposed, but without making any suggestion that the case belonged in arbitration rather than federal court. Interestingly, Defendant argued:

> Plaintiff had over two months to rectify the omission of a jury demand, but failed to do so. The defendant's decision to remove this claim to Federal Court was based, in part, on the plaintiff's waiver of a jury. It would be inequitable for the plaintiff to now be allowed to change the landscape of the case.

(Docket Entry No. 9 at 2.) The Magistrate Judge granted Plaintiff's motion for a jury trial. (Docket Entry No. 15.)

On March 14, 2006, Defendant belatedly filed its corporate disclosure statement, and more than one month later, on April 21, 2006, approximately one month before the discovery deadline, Defendant filed the instant Motion to Dismiss or, alternatively, to

Case 3:05-cv-00681   Document 67   Filed 08/28/06   Page 2 of 6 PageID #: 555

compel arbitration.[2] Defendant contends the case should be dismissed outright because Plaintiff did not comply with the terms of the employment agreement requiring him to request mediation before the statute of limitations period expired, and barring dismissal, this Court should compel arbitration pursuant to the agreement and stay this case in the interim.

Plaintiff opposes the Motion on the ground that Defendant did not raise the arbitration issue as an affirmative defense as required by Rule 8(c) and the defense is now waived; the parties exchanged extensive written discovery; and Plaintiff incurred "thousands of dollars in time and costs . . . in anticipation of trial[,]" including expense in taking the deposition of Plaintiff's treating physician ($1,381.00) and driving from Oklahoma to be present for that deposition. Plaintiff's counsel asserts that he was unaware Plaintiff had executed an employment agreement at the time he filed the Complaint, and Defendant did not show any interest in arbitration until Plaintiff's treating physician opined that Plaintiff could have returned to work with a reasonable accommodation and explained that Defendant did not seek his opinion as to whether Plaintiff could perform the essential tasks of his job with an accommodation.

---

[2]Defendant did not respond to Plaintiff's two motions to amend the complaint to correct the jury demand error, (Docket Entry Nos. 16 & 17, Orders granting Plaintiff relief without opposition), but Defendant did oppose another motion to amend the complaint to add Defendant's majority stockholder as a defendant, and the Magistrate Judge denied Plaintiff's motion. (Docket Entry Nos. 21, 22 & 25.)

Defendant counters that Plaintiff admitted he signed the employment agreement when he failed to respond to Defendant's requests for admissions; Plaintiff noticed the physician's deposition, not Defendant; Plaintiff's presence at the doctor's deposition was not necessary so expenses in traveling from Oklahoma are not relevant; Defendant's discovery requests have not been answered; and Plaintiff did not attempt to take additional discovery until after the Motion to Dismiss was filed.

## II.  <u>ANALYSIS</u>

The Federal Arbitration Act expresses a strong public policy in favor of arbitration in employment disputes, <u>Walker v. Ryan's Family Steak Houses, Inc.</u>, 400 F.3d 370, 376 (6th Cir. 2005), but an agreement to arbitrate may be waived by the actions of a party which are inconsistent with any reliance on the agreement. <u>General Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat</u>, 289 F.3d 434, 438 (6th Cir. 2002). Although waiver should not be lightly inferred, a waiver can be found where a party delays its assertion of arbitration to such an extent that the opposing party incurs actual prejudice. <u>Id.</u> The general nature of Plaintiff's claims were known to Defendant at the time the Complaint was filed and it could have easily determined from the Complaint whether it wanted arbitration or a trial in court. <u>See</u> <u>American Locomotive Co. v. Chemical Research Corp.</u>, 171 F.2d 115, 121 (6th Cir. 1949).

While this case has not progressed to the point of jury selection, as in <u>Lerchen v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 817 F.2d 756, 1987 WL 37285 at *1 (6th Cir. 1987)

4

(unpublished), Defendant waited seven and one-half months after removing the case to this Court and participating in federal litigation to decide that arbitration might be the better course. Defendant's actions are inconsistent with the right to arbitrate; the "litigation machinery" was sufficiently invoked and the parties were well into preparation of the lawsuit at the time Defendant indicated its desire for arbitration; Defendant moved to dismiss and alternatively sought a stay close to the discovery deadline; the physician's deposition has been taken, which might not have been required or necessary in arbitration; and the delay will prejudice the Plaintiff who has expended time and resources on this federal litigation. See Reid Burton Constr., Inc. v. Carpenters Dist. Council, 614 F.2d 698, 702-703 (10th Cir. 1980) (adopting factors to analyze whether waiver occurred); Jones Motor Co. v. Chauffeurs, Teamsters, and Helpers Local Union No. 633, 671 F.2d 38, 44 (1st Cir. 1982) (same); Consolidated Brokers Ins. Servs., Inc. v. Pan-American Assurance Co., — F.Supp.2d –, 2006 WL 959548 at *3-4 (D. Kan. Apr. 3, 2006) (same); Goldsmith v. Pinez, 84 F.Supp.2d 228, 232 (D. Mass. 2000) (same). Defendant's failure to assert the arbitration defense at an earlier time constitutes a waiver of the right to compel arbitration. See General Star Nat'l Ins. Co., 289 F.3d at 438. It would also be inequitable to allow Defendant to change the landscape of the case after removing the action to this Court and proceeding with litigation in this federal forum.

5

The Court cannot presently resolve the issue of whether this suit is barred by Plaintiff's pre-employment agreement to request mediation before the statute of limitations expired. Plaintiff alleges the pre-employment agreement is unenforceable under <u>Walker</u>, and without further development of the record, the Court cannot rule on this fact-specific issue.

### III. <u>CONCLUSION</u>

For all of the reasons stated, Defendant's Motion to Dismiss or to Compel Arbitration and Stay Proceedings (Docket Entry No. 23) will be DENIED.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

6